April 17th, 1912.

————o————

5553.

(Court of Appeal, Parish of Orleans.)

## MORRIS BUILDING & LAND IMPROVEMENT ASSOCIATION LIMITED, vs. WILLIAM L. HUGHES.

Involves only issues of fact.

Appeal from the Civil District Court, Division "B."

Jas. Legendre, for plaintiff and appellee.

Forman & Sarpy, for defendant and appellant.

ST. PAUL, J.—This in as action by landlord against tenant and the only issue involved is the renewal **vel non** of a certain yearly lease in writing.

The case has already been before us on appeal from a judgment maintaining an exception of no cause of action. (Opinion No. 5240.)

On that appeal we considered a clause in the lease reading as follows:

> "The lessee agrees to notify the lessor or its agents, in writing, on or before the first of August, 1910, whether or not said lessee wishes to retain the premises for one or more years from the expiration of this lease. Failure to do so will operate the renewal of this lease for one year. The lessor reserves the privilege to reject all offers to renew the lease."

And we then held:

> "These provisions, taken as a whole, apparently mean that the silence of the tenant followed by the silence of the landlord should constitute a renewal of the lease for another year, without the necessity of affirmative action or formal notice on the part of either."

To that ruling we still adhere. And the case having been remanded for further trial, defendant filed an answer setting forth in substance that on or about the 1st of August, 1910, he had notified the proper agent of defendant that he would not renew the lease, which said notice though verbal was accepted, and written notice waived. That thereupon said agent entered into negotiations with defendant for the lease of other premises

in the same building, and even offered the premises in controversy to other prospective tenants. All of which having come to naught, defendant removed from the leased premises, and from the building, which he would not have done had he been informed that plaintiff claimed a renewal of the lease.

The evidence shows that some time after the 1st of August, the defendant notified the janitor of plaintiff's building that he wished to remove from the office which he occupied, to some more suitable office in the same building, and was thereupon shown other offices, which he did not take; that the janitor exhibited the leased premises to persons who came to look for offices, but did not offer to lease or rent said office, though he might have been able to do so, had he considered that defendant had finally given it up; that it was only a few weeks before the expiration of the lease that defendant gave definite (verbal) notice that he would not keep the office and would remove from the building; which notice was not accepted by plaintiff.

There is and can be no question whatever of defendant's entire good faith throughout, but the fact of the matter is that defendant, who had been plaintiff's tenant for many years, and signed his lease as a mere matter of form either did not read his lease at all, or had forgotten its contents; for he himself said that he "did not know of such a clause in the lease."

Hence he proceeded after the usual manner in which one would proceed under a lease in the ordinary form, and wholly without reference to that clause in the lease under which he actually occupied the premises.

But the clause was operative none the less, and plaintiff insists thereon, as it has the right to do. Nor can we see anything in the foregoing state of facts to relieve

defendant from the effect thereof or release him from the obligations thereby imposed upon him.

The judgment appealed from (with the remittitur of interest made on January 18th, 1912, forming part thereof) is therefore correct and must be affirmed.

Judgment affirmed.

April, 17th, 1912.

Rehearing refused, May 13th, 1912.

June 5th, 1912, Decree Supreme Court, writ denied.